UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JUSTIN MILLS,<br>    Plaintiff(s),<br>v.<br>FERMIN LEGUEN,<br>    Defendant(s). | Case No. 2:24-cv-02107-NJK[1]<br>**Order**<br>[Docket No. 9] |

Pending before the Court is Defendant's motion to dismiss the amended complaint. Docket No. 9. Plaintiff filed a response in opposition. Docket No. 11.[2] Defendant filed a reply. Docket No. 15. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **GRANTS** Defendant's motion to dismiss.

**I.    BACKGROUND**

The Nevada Clean Indoor Air Act ("NCIAA") was enacted by initiative in 2006 and was codified in N.R.S. 202.2483. The stated purpose was to protect families and children from the harmful effects of secondhand smoke. N.R.S. 202.2483 (Reviser's note). The NCIAA prohibits smoking in most indoor public places, N.R.S. 202.2483(1),[3] but provides exceptions for casino gaming areas; stand-alone bars, taverns, and saloons; retail tobacco stores; strip clubs; and brothels, N.R.S. 202.2483(3)(a)-(e).

Plaintiff is a visitor to Las Vegas casinos. *See* Docket No. 7 at ¶ 19. Plaintiff alleges that he is subject to second-hand smoke, also known as environmental tobacco smoke ("ETS"), when

---

[1] The parties consented to the undersigned magistrate judge presiding over this case. *See* Docket Nos. 12-13.

[2] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The native pagination in the papers does not always align with the CMECF pagination. The Court cites herein to the CMECF pagination.

[3] The statute prohibits smoking in childcare facilities; movie theatres; video arcades; government buildings and public places; malls and retail establishments; grocery stores; and indoor areas within restaurants. N.R.S. 202.2483(1)(a)-(g).

1

he visits casinos. *E.g.*, *id.* at ¶ 20. Defendant is the District Health Officer of the Southern Nevada Health District. *Id.* at ¶ 2. Plaintiff brought this suit challenging in various ways the statutory exception in the NCIAA that casinos need not ban indoor smoking on their premises. *See, e.g.*, *id.* at ¶ 24. Plaintiff seeks damages, declaratory relief, and injunctive relief. *Id.* at ¶ 45. Defendant moved to dismiss the amended complaint in its entirety, Docket No. 9, which is the matter currently before the Court.

**II.      STANDARDS**

The Federal Rules of Civil Procedure require a plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal is appropriate under Rule 12(b)(6) when a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Rule 12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), a court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive of the part of the movant, repeated failure to cure deficiencies by amendment previously allowed, undue prejudice to the opposing party by

2

virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III.   ANALYSIS

The Court finds that the amended complaint fails in its entirety.

#### A.   Federal Law Damages Claims

Pursuant to 42 U.S.C. § 1983, Plaintiff seeks damages from Defendant in his personal capacity,[4] alleging Defendant violated Plaintiff's constitutional rights by not requiring statutorily exempt casinos to ban smoking on their premises. *See* Docket No. 7 at ¶¶ 31-34, 45(5). Defendant argues that he is entitled to qualified immunity because, *inter alia*, there is no clearly established right supporting Plaintiff's claims. Docket No. 9 at 15-17. Defendant counters that it is clearly established that equal protection guarantees preclude a state from irrational discrimination. Docket No. 11 at 14.

State officials are entitled to qualified immunity from damages suits unless they (1) violated a federal statutory or constitutional right, and (2) the unlawfulness of the identified conduct was clearly established at the time. *Reichle v. Howards*, 566 U.S. 658, 664 (2012). "Clearly established" in this context means that the statutory or constitutional question was "beyond debate," such that every reasonable official would understand that what he is doing is unlawful. *District of Columbia v. Wesby*, 583 U.S. 48, 63 (2018). This is a "demanding standard" that protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* To be "clearly established," a rule must be dictated by controlling authority or by a robust consensus of cases of persuasive authority. *Id.* The Supreme Court has instructed repeatedly "not to define clearly established law at a high level of generality," *Kisela v. Hughes*, 584 U.S. 100, 104 (2018), but rather to define the law with a "high degree of specificity," *Wesby*, 583 U.S. at 63. Hence, the key question is "whether the violative nature of *particular* conduct is clearly established" in the specific context of the case. *Mullenix v. Luna*, 577 U.S. 7, 13 (2015). Although it is not necessary to identify a case that is "directly on point," generally the plaintiff needs to identify where an

---

[4] In responding to the motion to dismiss, Plaintiff clarifies that he does not seek damages from Defendant in his official capacity. *See* Docket No. 11 at 11.

officer acting under similar circumstances was held to have violated federal right. *Wesby*, 583 U.S. at 64.[5] The plaintiff bears the burden of showing that the right at issue was clearly established. *Shooter v. Ariz.*, 4 F.4th 955, 961 (9th Cir. 2021).

Plaintiff alleges that Defendant is liable for damages in his individual capacity for violating Plaintiff's equal protection rights by not forcing statutorily exempt casinos to prohibit smoking on their premises. Plaintiff has not shown clearly established law that an officer acting under similar circumstances violates any federal rights. *See* Docket No. 11 at 14-15. Plaintiff argues that "it is unconstitutional to discriminate against a non-suspect class without a legitimate government purpose," *id.* at 14, but such articulation of the right at issue suffers from the fatal flaw of excessive generality. Moreover, the cited cases have no semblance to Plaintiff's own contention that it is an equal protection violation for state officials to allow certain types of businesses to permit smoking on their premises, while requiring other types of businesses to prohibit smoking on their premises. *See City of Cleburne v. Cleburne Living Ctr.*, 473 U.S 432, 446 (1985) (addressing equal protection claim regarding requirement for special use permit for proposed group home for individuals with special needs); *Armendariz v. Penman*, 75 F.3d 1311, 1326-27 (9th Cir. 1996) (addressing equal protection claim regarding enforcement of the housing code as a means to deflate property values so that the property could be replaced with a commercial development), *overruling on other grounds recognized*, *Crown Pt. Development, Inc. v. City of Sun Valley*, 506 F.3d 851, 852-53 (9th Cir. 2007); *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir. 1990) (addressing equal protection claim regarding denial of water hookups for land owners). In an effort to construe Plaintiff's papers liberally, the Court also notes that the cases Plaintiff cites elsewhere do not show a clearly established right implicated by the allegations made in this case. *See Helling v. McKinney*, 509 U.S. 25 (1993) (addressing whether inmates can state an Eighth Amendment claim against prison officials for exposure to ETS during their involuntary incarceration); *Kastroll v. Wynn Resorts,*

---

[5] For the first time in reply, Defendant argues under a more lenient application of qualified immunity for state officials acting in accordance with state law. *See* Docket No. 15 at 6-7 (quoting *Grossman v. City of Portland*, 33 F.3d 1200, 1210 (9th Cir. 1994) for, *inter alia*, the proposition that an "officer who reasonably relies on the legislature's determination that a statute is constitutional should be shielded from personal liability")). The Court will not resolve this argument raised for the first time in reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

*Ltd.*, 2010 WL 3829398, at *2 (D. Nev. Sept. 23, 2010) (unpublished decision addressing whether employees can state a claim against their employer for exposure to ETS during their shifts); *Flamingo Paradise Gaming, LLC v. Chanos*, 125 Nev. 502, 520-22 (2009) (holding that differential treatment in the NCIAA between restricted gaming licensees and nonrestricted gaming licensees did not violate equal protection clause).

In short, Plaintiff has not demonstrated that the violative nature of particular conduct alleged is clearly established, so Defendant is entitled to qualified immunity with respect to Plaintiff's effort to obtain damages under federal law. The federal law damages claim against Defendant in his individual capacity is dismissed.

### B. State Law Damages Claims

Plaintiff sues Defendant in his individual capacity for damages under state law. *See* Docket No. 7 at ¶¶ 38-44. The predicate allegation for these claims is (again) that Defendant has been *complying* with state law. As Defendant explains in the motion to dismiss, however, a state official enjoys immunity under state law for complying with a state law that has not previously been declared invalid. N.R.S. 41.032(1). Plaintiff offers no counter-argument in response, leaving Defendant's argument undisputed. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) (collecting cases). The state law damages claims against Defendant in his individual capacity are dismissed.

### C. Declaratory and Injunctive Relief

Plaintiff seeks a declaration invalidating or modifying the casino exception provided within the NCIAA. Docket No. 7 at ¶¶ 45(1), (2). Plaintiff also seeks an injunction requiring Defendant to apply the smoking ban on the statutorily-exempted casinos. *Id.* at ¶ 45(3).[6] Defendant challenges Plaintiff's standing. Docket No. 9 at 17-19.

---

[6] Plaintiff characterizes this relief as enjoining Defendant from "enforcing the casino exception" to the NCIAA. *See, e.g.*, Docket No. 7 at 13. The framing of this issue is backward as a conceptual matter because a government official does not enforce an exception to regulation. *See* Docket No. 15 at 9. Plaintiff is actually seeking an order requiring Defendant to affirmatively enforce an inapplicable regulation on exempt entities.

1. Standards

Federal courts are limited to deciding "Cases" and "Controversies." U.S. Const., art. III, § 2; *Bishop Paiute Tribe v. Inyo Cnty.*, 863 F.3d 1144, 1153 (9th Cir. 2017). The doctrine of standing gives meaning to these constitutional limits by "identify[ing] those disputes which are appropriately resolved through the judicial process." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). "The law of Article III standing, which is built on separation-of-powers principles, serves to prevent the judicial process from being used to usurp the powers of the political branches." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013). To establish Article III standing, a plaintiff must show: (1) an "injury in fact," (2) a sufficient "causal connection between the injury and the conduct complained of," and (3) a "likel[ihood]" that the injury "will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61 (internal quotation marks omitted). "Standing is not dispensed in gross. Rather, a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis v. F.E.C.*, 554 U.S. 724, 734 (2008) (citations omitted).

For cases challenging government action or inaction, the standing analysis "depends considerably upon whether the plaintiff is himself an object of the action (or forgone action) at issue" in the lawsuit:

> If he is, there is ordinarily little question that the action or inaction has caused him injury, and that a judgment preventing or requiring the action will redress it. When, however, . . . a plaintiff's asserted injury arises from the government's allegedly unlawful regulation (or lack of regulation) of *someone else,* much more is needed. In that circumstance, causation and redressability ordinarily hinge on the response of the regulated (or regulable) third party to the government action or inaction—and perhaps on the response of others as well. The existence of one or more of the essential elements of standing "depends on the unfettered choices made by independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict," and it becomes the burden of the plaintiff to adduce facts showing that those choices have been or will be made in such manner as to produce causation and permit redressability of injury. Thus, when the plaintiff is not himself the object of the government action or inaction he challenges, standing is not precluded, but it is ordinarily "substantially more difficult" to establish.

*Lujan*, 504 U.S. at 561-62 (emphasis in original, internal citations omitted). Hence, causation and redressability are often the key focus in assessing the standing of a plaintiff who is not himself the subject of government regulation.

When standing is challenged on the pleadings, courts accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party. *California Rest. Assoc. v. City of Berkeley*, 89 F.4th 1094, 110 (9th Cir. 2024). Nonetheless, the plaintiff must allege sufficient facts that "demonstrat[e] each element" of Article III standing. *Jones v. L.A. Central. Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023). "If the plaintiff fails to do so, the complaint is subject to dismissal at the outset." *Id.*

2. Analysis

The Court finds that Plaintiff has not sufficiently pled the required elements to establish standing for the declaratory and injunctive relief he seeks. Plaintiff's response to the motion to dismiss focuses on alleged harm from ETS exposure, Docket No. 11 at 17-19,[7] and does not address in any direct fashion whether there is a sufficient "causal connection between the injury and the conduct complained of" and whether there is a likelihood that the injury "will be redressed by a favorable decision." *Lujan*, 504 U.S. at 560-61. The absence of any direct argument is particularly problematic as Plaintiff has an uphill climb on both of these fronts because he is challenging the regulation (or lack thereof) of <u>casinos</u>, rather than of Plaintiff. As emphasized by Defendant, casinos remain free to ban smoking on their premises:

---

[7] The Court focuses herein on causation and redressability, but it also notes uncertainty whether Plaintiff sufficiently alleges injury. In the context of prospective relief, the threat of injury must be "actual and imminent, not conjectural or hypothetical." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *see also Wright v. Serv. Emps. Int'l Union Local 503*, 48 F.4th 1112, 1118 (9th Cir. 2022). In other words, the "threatened injury must be *certainly impending* to constitute injury in fact" and "allegations of *possible* future injury are not sufficient." *Clapper*, 568 U.S. at 409 (internal quotation marks and alteration omitted). In this case, Plaintiff alleges that he suffered past exposure to ETS and that he "will travel to [Las] Vegas and faces certain and prospective harm" inside casinos. Docket No. 7 at ¶ 22. As Defendant notes, however, "[t]he NCIAA allows Plaintiff to protect himself by choosing whether to frequent a smoke-free bar, casino, [or] restaurant." Docket No. 15 at 3. Moreover, exposure to ETS would require a member of the public to be smoking. Hence, it is not clear from the briefing that Plaintiff's allegations show a sufficiently certain future injury. Based on the other deficiencies with standing, however, the Court will leave this issue for another day.

7

> The relief Plaintiff seeks, requiring designated smoking areas under NCIAA, is left to the discretion of owners of establishments, including casinos, which are not prohibited from voluntarily creating nonsmoking sections or designating the entire establishment as smoke free. N.R.S. 202.2483(4) (2007). If a . . . casino owner believes there is a market for a smoke-free establishment, he or she is free to run his or her business accordingly. Customers will either frequent or avoid the business if they are unhappy with the atmosphere.

Docket No. 15 at 2-3; *see also, e.g.*, Docket No. 9 at 18-19. Plaintiff fails to connect the dots as to either traceability or redressability given the intervening choices made by "independent actors not before the courts and whose exercise of broad and legitimate discretion the courts cannot presume either to control or to predict." *Lujan*, 504 U.S. at 562.

In short, Plaintiff has not shown that his amended complaint establishes standing to seek declaratory or injunctive relief from Defendant. The claims for declaratory and injunctive relief are dismissed.[8]

## IV.    CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendant's motion to dismiss. Plaintiff will be given an opportunity to file a second amended complaint if he believes the noted deficiencies can be corrected. Any second amended complaint must be filed by June 16, 2025. Failure to file a second amended complaint by that date will result in entry of judgment and the closing of this case.

IT IS SO ORDERED.

Dated: May 19, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

---

[8] The amended complaint also seeks an injunction "enjoining all casino establishments in Nevada from permitting indoor smoking." Docket No. 7 at 13. These casinos are not named as parties to this suit, no claim is brought against them, and circumstances have not been presented to justify an order enjoining them. *See* Fed. R. Civ. P. 65(d)(2); *see also Zepeda v. U.S. I.N.S.*, 753 F.2d 719, 727 (9th Cir. 1983).

8